# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| *In re* Application of: | 2:11-mc-00052 GSA |
| REPUBLIC OF ECUADOR and Dr. DIEGO GARCÍA CARRIÓN, the Attorney General of The Republic of Ecuador, | **ORDER GRANTING REPUBLIC OF ECUADOR'S EX PARTE APPLICATION FOR THE ISSUANCE OF A SUBPOENA** |
| Applicants, | (Document 1) |
| For the Issuance of Subpoenas Under 28 U.S.C. § 1782(a) for the Taking of Depositions of and the Production of Documents by Douglas M. Mackay for Use in a Foreign Proceeding. | **ORDER DENYING CHEVRON'S MOTION TO STAY THE APPLICATION** (Document 17) |

**RELEVANT BACKGROUND**

On June 3, 2011, the Republic of Ecuador and Dr. Diego García Carrión, the Attorney General of the Republic of Ecuador (collectively referred to herein as "ROE"), filed an ex parte application for an order pursuant to Title 28 of the United States Code section 1782 to issue a subpoena to Douglas M. Mackay for the taking of a deposition and the production of documents for use in a foreign proceeding.  (*See* Docs. 1 & 2.)  The application was originally filed in the

1  Sacramento Division of the Eastern District of California, however, the matter was reassigned to
2  the Fresno Division, and the undersigned, as a related case pursuant to the order of Magistrate
3  Judge Gregory G. Hollows dated June 10, 2011.  (Doc. 7.)
4        The ROE seeks the issuance of a subpoena to Douglas M. Mackay, whom works in
5  Davis, California.  (Docs. 1-2 at 6, 1-5 & Ex. 45.)  It asserts the deposition and documents are
6  directly relevant to an international arbitration proceeding brought pursuant to the United Nations
7  Commission on International Law ("UNCITRAL") by Chevron Corporation and Texaco
8  Petroleum Corporation against the ROE under the Ecuador-U.S. Bilateral Investment Treaty.
9  (Doc. 1-2 at 6.)  In that proceeding, Chevron alleges that a trial court's order in the Lago Agrio,
10 Ecuador, action, wherein Chevron was recently ordered to pay over $18 billion dollars in
11 damages, is a sham, contending the foreign court was neither independent nor impartial.  (Doc. 1-
12 2 at 6.)  During the course of the *Lago Agrio* action, Chevron introduced two reports by Dr.
13 Mackay to rebut expert reports offered by Plaintiffs regarding environmental pollution claims.
14 One the reports was also submitted in the Treaty Arbitration proceeding to contend that the
15 foreign trial court lacked any basis upon which to find Chevron liable or to award Plaintiffs
16 damages.  (Doc. 1-2 at 6-7.)

**APPLICATION FOR ISSUANCE OF A SUBPOENA
TO DOUGLAS M. MACKAY FOR THE TAKING
OF A DEPOSITION AND THE PRODUCTION
OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING[1]**

20 *Legal Standard*

21 Title 28 of the United States Code section 1782(a) provides, in relevant part:

> The district court of the district in which a person resides or is found may
> order him to give his testimony or statement or to produce a document or other
> thing for use in a proceeding in a foreign or international tribunal, including
> criminal investigations conducted before formal accusation.  The order may be
> made pursuant to a letter rogatory issued, or request made, by a foreign or

---

[1] The Court carefully reviewed and considered all of the pleadings, including arguments, points and authorities, declarations, and exhibits.  Any omission to an argument or pleading is not to be construed that this Court did not consider the argument or pleading.

international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

The purpose of this section is to provide federal court assistance in the gathering of evidence for use in a foreign tribunal. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004). The section "authorizes, but does not require, a federal district court to provide assistance to a complainant" in a foreign proceeding. *Id.*, at 255.

Further, in exercising its wide discretion to grant discovery pursuant to section 1782, the Supreme Court has indicated that a district court should consider

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests. In addition, district courts must exercise their discretion under Section 1782 in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.

*In re Application of Chevron Corp.*, 709 F.Supp.2d 283, 290 (S.D.N.Y. May 6, 2010), citing *Intel Corp v. Advanced Micro Devices, Inc.*, 542 U.S. at 264-65, internal quotations omitted.

Lastly, an ex parte application is an acceptable method for seeking discovery pursuant to section 1782 of Title 28 of the United States Code. *See In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976).

*Analysis*

Dr. Mackay is currently employed at the University of California at Davis, and thus can be found within the jurisdiction of this Court. Further, the discovery sought by the ROE will be used in a proceeding in a foreign or international tribunal - here, the international arbitration proceeding. The ROE is an "interested person" as the respondent in the Treaty Arbitration

3

proceedings and as the host country in the underlying *Lago Agrio* proceeding.  Furthermore, the discretionary factors have been considered and are met as discussed below.

### Jurisdictional Reach of Foreign Tribunal

The Supreme Court has noted that

> when the person from whom discovery is sought is a participant in the foreign proceeding . . ., the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.  A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.

*Intel Corp.*, 542 U.S. at 264.  Here, Dr. Mackay is not a party to the international arbitration nor to the *Lago Agrio* proceeding (Doc. 1-2 at 25), and therefore this factor weighs in the ROE's favor.  *See also In re Chevron Corp.*, 709 F.Supp.2d at 292 (noting that Ecuadorian court and international arbitral tribunal lacked jurisdiction to compel the individual, who was located in the district and not a party to the foreign proceedings, to produce the material sought).

### Nature and Receptivity of Foreign Tribunal

There is no evidence before the Court that the international arbitral tribunal at issue here is either receptive or nonreceptive to United States federal-court jurisdictional assistance, and therefore this factor is essentially neutral.  This Court is aware of a number of applications being granted in similar cases.  Moreover, the Court notes that even opposition by the international arbitral tribunal would not necessarily control.  *See In re Chevron Corp.*, 709 F.Supp.2d at 292 & n. 51 (in *Intel*, the European Commission stated that it did not need or want U.S.- federal court assistance).

### Attempt to Circumvent Foreign Proof-Gathering Restrictions and Policies

There is nothing to suggest that the ROE's section 1782 application is an attempt to circumvent foreign proof-gathering restrictions.  Indeed, it does not appear that the international arbitral tribunal at issue here could compel Dr. Mackay to provide evidence because he is not a

party to the international arbitration. *See In re Chevron Corp.*, 709 F.Supp.2d at 292-293 (applying same reasoning). As pointed out by the ROE, it "seeks from Chevron's expert no more and no less than what Chevron [has] sought and obtained in its own Section 1782 actions." (Doc. 1-2 at 25.) Thus, this factor weighs in the ROE's favor.

### Undue Intrusion or Burden

In its application, the ROE explains that it wishes to subpoena Dr. Mackay to provide testimony and produce documents because Chevron has relied on his expertise and expert reports "in its merits submission to the Treaty Tribunal," and the requests and topics are narrowly tailored to Dr. Mackay's knowledge. (Doc. 1-2 at 25.)

This Court is satisfied the ROE has made a prima facie showing that the information it seeks from Dr. Mackay has some relevance to the international arbitration in light of the allegations made by Chevron. And given the relevance of the information, it is arguably less likely that issuance of the subpoena will result in undue intrusion or burden to Dr. Mackay. The final discretionary factor thus weighs in favor of issuance of the subpoena.

### *Chevron's Contentions Regarding Impropriety*

Chevron contends the discovery the ROE seeks by way of this application is improper because the ROE could pursue discovery from Dr. Mackay in the Treaty Arbitration proceedings. (Doc. 12 at 8-12.) It contends that "[b]ecause Chevron is a party to the Treaty Arbitration and Dr. Mackay is a party-affiliated expert, the ROE can seek Dr. Mackay's testimony and documents by directly petitioning the Tribunal." (Doc. 12 at 12.)

This Court is simply not persuaded by Chevron's argument. To the degree Chevron argues the ROE has acted inappropriately by initiating the instant proceeding, it appears to the Court that both parties have consistently used or attempted to use the various federal courts within this country to their advantage; neither party appears without fault.

//
//

*Limitations to the Scope of Discovery*

Chevron asks, in the event this Court were to permit the requested discovery, that it be "appropriately limited in scope." (Doc. 12 at 12.) Chevron identifies materials the ROE seeks that it contends are impermissible because the requests "simply disregard the broad protection afforded to trial preparation documents related to experts under Rule 26." (Doc. 12 at 13-14.) The ROE argues such a limitation is not proper. (Doc. 14 at 12-13.)

Again, this Court is not persuaded by Chevron's arguments. The subpoena (Doc. 1-5) appears appropriate in light of the significant litigation history between the parties. Therefore, this Court finds the requested limitations are not warranted.

*Conclusion*

In light of the foregoing discussion, the Court GRANTS the application. The ROE may serve its subpoena directed to Douglas M. Mackay. It shall select a date and location agreeable to both parties within thirty (30) days of the date of this Order.

**CHEVRON'S MOTION TO STAY ROE'S
SECTION 1782 APPLICATION PENDING
DISCOVERY RULING BY TRIBUNAL**

On August 16, 2011, Chevron filed a Motion to Stay the ROE's Section 1782 Application Pending Discovery Ruling by Tribunal. (Doc. 17.) On August 23, 2011, the ROE filed its opposition to the motion. (Doc. 19.) Thereafter, on August 24, 2011, Chevron filed its reply. (Doc. 21.)

*Summary of Argument*

Generally, Chevron contends this application should be stayed until the Treaty Arbitration Tribunal "addresses the schedule and procedures for discovery in the Treaty Arbitration." (Doc. 17 at 5.) Additionally, it contends a stay would allow for the efficient disposition of this case, and would avoid contravention of section 1782's purpose. (Doc. 17 at 6.) Finally, Chevron's argues that the ROE's application "flatly contradicts the *Intel* factors." (Doc. 17 at 7.)

The ROE asserts that Chevron's motion is based upon a false premise, and further, that it would in fact be prejudiced were a stay granted. (Doc. 19 at 3, 6-11.)

*Determination*

The Court DENIES Chevron's motion to stay consideration of the section 1782 application. Simply put, the Court is not persuaded that granting the ROE's application would contravene any proceedings or discovery schedule in the Tribunal. The Tribunal will decide in due course what discovery is permissible and what is not; it certainly is not obligated to admit evidence obtained as a result of Dr. Mackay's deposition or the documents produced in relation thereto. Nor is this Court persuaded that a stay is the most efficient course for the disposition of this case. Finally, as previously noted, this Court has found in favor of the ROE with regard to the *Intel* factors.

**CONCLUSION AND ORDER**

The ROE's Application for an Order Under Title 28 of the United States Code section 1782 to Issue a Subpoena to Douglas M. Mackay is GRANTED.

Chevron's Motion to Stay the ROE's Application Pending Discovery Ruling by Tribunal is DENIED.

IT IS SO ORDERED.

Dated:   **September 12, 2011**             **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE